UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GEORGE PATRICK KELLY,                          Case No. 1:09-cv-910

       Plaintiff,                                  Dlott, J.
                                                Black, M.J.
  vs.

JOHN ALDEN LIFE INSURANCE
COMPANY,

      Defendant.


**REPORT AND RECOMMENDATION**[1] **THAT PLAINTIFF'S MOTION TO REMAND  (Doc. 8) BE DENIED**


      Plaintiff George Patrick Kelly initiated this action on November 16, 2009 by filing

a complaint in the Hamilton County Court of Common Pleas against Defendant John

Alden Life Insurance Company ("Alden") alleging breach of contract, promissory

estoppel, and statutory violation claim under Ohio law.  Plaintiff is seeking to recover

health insurance benefits.  Defendant removed this civil action to this Court on December

17, 2009.  (Doc. 1)

      This case is now before the Court on Plaintiff's motion to remand (Doc. 8), and the

parties' responsive memoranda and supporting documents (Docs. 12, 13, 14, 15).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND AND FACTS

Plaintiff purchased an insurance policy from Defendant Alden Life for himself and an employee of his business, Got-A-Go, a sole proprietorship. (Doc. 2 at ¶ 1). In September 2008, Plaintiff underwent hip replacement surgery. Plaintiff asserts that Defendant failed make payment for the surgery under the terms and conditions of the policy. Kelly now seeks to recover benefits that he claims he is due under a health insurance plan. (*See* Doc. 2 ¶¶ 1, 19).

The insurance application, signed by Plaintiff, states that "The coverages applied for provide benefits for an employee welfare benefit plan established and maintained by the employer under the Employee Retirement Income Security Act (ERISA), unless specifically exempt from the terms of ERISA." (Doc. 1, Ex. 5 p. 2.)

The insurance plan documents attached to Plaintiff's complaint state that "The insurance coverage included in Your Benefit Summary and evidenced by the Certificate is group insurance provided under an Employee Welfare Benefit Plan as defined by ERISA...." (Doc. 2, Ex. A at p. 50).

The plan documents also indicate that the "employer" is "GOT-A-GO, INC DBA: GOTAGO," and all of the employer's "Active Full-Time Employees" are eligible to become insured under the John Alden policy. (Doc. 2, Ex. A, at pp. 5, 45). The plan defined "Active Full-Time Employee" so as to include any "partner, proprietor or corporate officer of the Employer" who was actively working in conducting the Employer's business.

The Plan documents further set forth a specific "ERISA Claim Procedure" and explain: "The Employer agrees that We may exercise discretion with respect to claims and decisions made under the plan." (*Id.*, Ex. A, pp. 54-55).

## II.  STANDARD OF REVIEW

A defendant can remove an action from state court to federal court only if the plaintiff could have brought the action in federal court in the first instance.  28 U.S.C. § 1441(b); *Peters v. Lincoln Elec. Co.*, 28 F.3d 456, 465 (6th Cir. 2002).

The removal statute, 28 U.S.C. § 1441, provides in part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  The standard to determine whether removal is appropriate is as follows: "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  The party seeking to remove a case has the burden of proving that federal jurisdiction exists.  *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir. 1994).[2]

## III.  ANALYSIS

_____

[2]  Most courts agree that "the defendants may submit affidavits and deposition transcripts" in support of removal, and that the plaintiff may do the same in support of a motion for remand.  Once that occurs, "[t]he district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Plaintiff asserts that this case should be remanded because Alden's notice of removal is based upon unsupported legal conclusions and does not establish subject matter jurisdiction. Plaintiff further asserts that, under the well-pleaded complaint rule, as the owner of his business and employer, he did not intend nor establish an ERISA plan. Alden asserts, however, that Plaintiff's complaint seeks health insurance benefits from a group health insurance plan that is governed by ERISA. Upon careful review, and for the reasons that follow, the undersigned agrees and finds that Plaintiff's motion to remand is not well-taken.

 A. *The Employee Retirement Income Security Act (ERISA)*

An "employee welfare benefit plan" is defined by ERISA to mean "any plan fund or program. . . established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits in the event of a sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. §1002(1).

In determining whether an "employee welfare benefit plan" as defined under ERISA exists under the circumstances, the Sixth Circuit Court of Appeals adopts a three-prong test:

> First the court must apply the so-called 'safe harbor' regulations established by the Department of Labor to determine whether the program was exempt from ERISA. … Second the court must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and the procedures for receiving benefits.' … Finally, the court must ask whether the employer 'established or maintained' the plan

with the intent of providing benefits to its employees.

*Thompson v. American Home Assur.* Co., 95 F.3d 429 (6th Cir. 1996) (citations omitted).

Moreover, it is well established that state law claims seeking benefits from an ERISA plan are "completely preempted" by ERISA Section 502(a)(1)(B) and thus are removable to federal Court.  *See* 29 U.S. C. § 1332; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

A.     *The health insurance plan at issue is satisfies the Thompson test*

Here, Plaintiff argues that he did not establish an ERISA plan as the employer.  As noted above, under the third prong of the *Thompson* test, a court should determine "whether the employer established or maintained the plan with the intent of providing benefits to its employees."  *Thompson*, 95 F.3d at 435.

Plaintiff further maintains that as the sole owner and sole proprietor of the business, he had no intention and/or reason to create an ERISA plan, and could not create one for himself as he is the owner, not an employee.  Plaintiff asserts that establishing, maintaining, or participating in a Plan requires an intent, which presupposes an awareness of the existence of the Plan.  *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 699 (7th Cir. 1977).

According to Plaintiff, he simply bought insurance for two people and did nothing but sign an application and send a deposit.  Thus, Plaintiff maintains that Alden's Removal Notice does not establish facts sufficient to prove Kelly intentionally established or maintained an ERISA plan.  Plaintiff further asserts that Alden seeks to create and

ERISA plan by entrapment as it buries language regarding ERISA in its insurance application and insurance policy. Upon careful review, however, the undersigned finds that Plaintiff's arguments lack merit.

As noted above, in determining whether an "employee welfare benefit plan" as defined under ERISA exists under the circumstances, the Sixth Circuit, in *Thompson*, adopted a three-prong test.[3] Under *Thompson*, if the district court determines that the policy is not excluded from ERISA coverage under the safe harbor regulations, the court must also determine that a "plan" exists under the standards set forth in *Int'l Resources, Inc.*, 950 F.2d at 297 (a "plan" exists if "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits"). *Thompson,* 95 F.3d at 437-438.

Furthermore, the district court must conclude that the employer "established or maintained" the plan with an intent to provide benefits to its employees. *Id.* at 438; *See also McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234 236 (5th Cir. 1995); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1991) ("In addition to some meaningful degree of participation by the employer in the creation or administration of the plan, the statute requires that the employer have had a purpose to provide health insurance, accident insurance or other specified types of benefits to its employees. 29 U.S.C. § 1002(1).

---

[3] Here, Plaintiff does not rely on the first prong of the *Thompson* test and makes no argument regarding the Safe Harbor regulations.

Thus, the evidence must show that the employer had an intent to provide its employees with a welfare benefit program through the purchase and maintenance of the group insurance policy. *Thompson,* 95 F.3d at 438. Only upon completing this three-step factual inquiry can a district court ascertain that an ERISA plan exists, thus requiring the application of the federal common law of ERISA to the underlying insurance claim. *Id*.

Here, the evidence of record on removal, construed in the light most favorable to Plaintiff, establishes that Plaintiff, as owner of Got-A-Go, Inc., purchased health insurance from Alden for himself and for one of his employees, who was not his spouse. The policy premiums were paid by "Gotago Rental and Septic Services," a "dba" named listed on the Employer Participation/Application for Got-A-Go signed by Plaintiff. Thus, Plaintiff's purpose and intention in purchasing the Plan was to provide health insurance benefits to the employees of Got-A-Go, Inc.

Moreover, as noted above, the insurance application and policy documents expressly state that the policy at issue is governed by ERISA. (*See* Doc.2, Ex. A: *See also Id.* at Ex. 1). Based on the foregoing, the undersigned finds that the three-step outline in *Thompson* is satisfied, thereby establishing the existence of an ERISA governed plan.

> C. *Kelly's status as an owner/employee does not remove the Plan from the purview of ERISA*

Furthermore, Plaintiff's challenge to Alden's removal of this action based on his status as an owner also lacks merit. In *Yates v. Hendon,* 541 U.S. 1, 16 (2004), the Supreme Court rejected the argument that "working owners" are not participants able to

bring ERISA claims and stated that a working owner "can wear two hats, as an employer and employee." *Id.* Thus, although plans that "cover only sole owners . . . and their spouses" are not ERISA plans, "plans covering working owners and their non-owner employees . . . fall entirely within ERISA's compass." *Id*. at 21.

The *Yates* Court further stated:

> Treating working owners as participants not only furthers ERISA's purpose to promote and facilitate employee benefit plans. Recognizing the working owner as an ERISA-sheltered plan participant also avoids the anomaly that the same plan will be controlled by discrete regimes: federal-law governance for the nonowner employees; state-law governance for the working owner.

*Id*. at 17.

Here, Defendant's notice of removal shows that the health insurance plan at issue covered Kelly and an another employee, Nancy Eggebeen (who is not Kelly's spouse). (Doc. 1).

Accordingly, the undersigned finds that Plaintiff's complaint raises issues of federal law and therefore Alden's removal of this action was not improper. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

## V.

In sum, based on the foregoing, the undersigned hereby **RECOMMENDS** that

Plaintiff's motion to remand (Doc. 8) be **DENIED.** .

**IT IS SO RECOMMENDED**.


Date: April 8, 2010                    s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GEORGE PATRICK KELLY,                          Case No. 1:09-cv-910

        Plaintiff,                          Dlott, J.
                                               Black, M.J.
   vs.

JOHN ALDEN LIFE INSURANCE
COMPANY,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).