UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE PATRICK KELLY,                          Case No. 1:09-cv-910

              Plaintiff,                       Dlott, J.
       vs.                                     Wehrman, M.J.

JOHN ALDEN LIFE INSURANCE
COMPANY,

              Defendant.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Doc. 31) BE DENIED

Plaintiff George Patrick Kelly initiated this action in state court on November 16, 2009 against defendant John Alden Life Insurance Company ("John Alden"), alleging breach of contract, promissory estoppel, and statutory violations under Ohio law.  Defendant removed the action to this Court on December 17, 2009.  (Doc. 1).

This case is now before the Court on plaintiff's motion for leave to amend the complaint (Doc. 31), defendant's motion to dismiss the amended complaint (Doc. 43), plaintiff's motion to strike the defendant's motion to dismiss (Doc. 48), and plaintiff's motion to strike defendant's notice of filing of additional pages (Doc. 49).

## I.  BACKGROUND AND FACTS

Plaintiff purchased a health insurance policy from defendant John Alden for himself and an employee of his business, Got-A-Go, a sole proprietorship.  (Doc. 2 at ¶ 1).  In September 2008, plaintiff underwent hip replacement surgery.  Plaintiff asserts that defendant failed make payment for the surgery under the terms and conditions of the policy.  Thus, plaintiff seeks to

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

recover benefits that he claims he is due under the health insurance plan issued by defendant John Alden.  (*See* Doc. 2 ¶¶ 1, 19).

Plaintiff originally filed his complaint in the Hamilton County Court of Common Pleas. Defendant removed to this Court on December 17, 2009, and plaintiff promptly filed a motion to remand back to state court.  (Doc. 8).

In a Report and Recommendation filed on April 9, 2010 by the then-presiding magistrate judge[2] and subsequently adopted by the presiding district judge, this court denied plaintiff's motion to remand.  The court concluded that the claims set forth in plaintiff's original complaint, even though stated under Ohio state law, were preempted by ERISA notwithstanding plaintiff's protestations that he did not intend to state a claim under ERISA.  The court rejected plaintiff's argument that he could not establish an ERISA plan as the sole owner of his business (Docs. 19, 23).

On June 23, 2010, plaintiff moved to amend his complaint.  Plaintiff states that the proposed amended complaint is tendered because he is "required to amend...to allege an ERISA cause of action."  Doc. 31.  Plaintiff also seeks to name two additional defendants: JALIC Group Trust, the alleged Plan Administrator, and TriHeatlh, the owner of Good Samaritan Hospital. Last, plaintiff proposes to add three additional claims under state law.  Defendant John Alden Life Insurance Company has filed a memorandum in opposition to the proposed amendment, to which plaintiff has filed a reply.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint.  Generally, leave to amend shall be freely granted when justice so requires, however,

---

[2]The former Magistrate Judge Black now presides as a United States District Judge.

"a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso,* 605 F.3d 282, 294 (6th Cir. 2010).

## III.  ANALYSIS OF PENDING MOTIONS

### A.  Plaintiff's Motion to Amend

The defendant opposes the tendered amendment on four distinct grounds.  First, defendant asserts that the amendment is unnecessary to state a claim under ERISA.  In addition, defendant opposes amendment on the basis that plaintiff failed to comply with Local Rule 7.3(b). Third, defendant contends that the proposed amendments would cause undue delay.  Last, defendant argues that the proposed amendments would be futile.  Defendant's last argument is the most salient, and therefore will be addressed first.

#### 1.  Futility of Amendment

##### a.  *Plaintiff's New State Law Claims*

Prior to removal to this court, plaintiff's original complaint contained twenty-nine paragraphs and just three causes of action against defendant John Alden based exclusively on state law: 1) breach of contract; 2) material misrepresentation by both defendant and non-party Good Samaritan Hospital that the latter was a "network" provider; and 3) that the policy is "statutorily void" as ambiguous under Ohio insurance statutes.  The essence of the complaint clearly sought to recover benefits.

Plaintiff's proposed amended complaint is expanded to fifty-two paragraphs in order to include nine claims or counts - six new counts under ERISA, and three under Ohio law.  The three new counts under Ohio law are listed as Counts 6-8 in the tendered amended complaint,

and include one count against existing defendant John Alden, and two counts against a new

defendant, Good Samaritan Hospital/TriHealth (hereinafter "Good Samaritan").

Although the number of state counts (three) has not changed from the original number of

"causes of action,"[3] the proposed amended claims are quite different than those included in the

original complaint.  Before turning to defendant's arguments opposing the amendment, brief

examination of the differences between the original and amended state claims is instructive.

Plaintiff originally claimed that John Alden breached its insurance contract by failing to

pay benefits owed..  That claim has been replaced by an entirely new claim alleging that newly

named defendant Good Samaritan and John Alden entered into a discounting arrangement, and

that Good Samaritan "is limited to reimbursement" under Ohio Revised Code §3923.81 to "out-

of-pocket amounts that do not exceed the amount that John Alden paid Good Samaritan

Hospital/TriHealth." Doc. 31 at ¶¶42-46.

Both original and proposed amended complaints include a claim of misrepresentation

under state law, but that is where the similarity ends.  The original complaint alleges that

defendant misrepresented that coverage for plaintiff's hip replacement had been approved and

seeks to estop defendant from refusing coverage, see Doc. 2 at ¶22-27.  The proposed

amendment alleges that an entirely different misrepresentation (that defendant John Alden had a

network of providers) amounted to an "unfair and deceptive act" under newly cited provisions of

Ohio insurance law.  Plaintiff also alleges for the first time that defendant and Good Samaritan

"failed to disclose its discounting arrangements or methods of calculation of benefits" in

---

[3]Defendant numbers the new state law claims at four, suggesting that Count 2 falls under state law due to plaintiff's citation of a state statute, but is preempted by ERISA.  However, plaintiff himself characterizes Count 2 as an ERISA claim, as discussed herein.

violation of the same Ohio statutes.  Doc. 31, ¶40-41.

The third claim in plaintiff's original complaint -that the policy was "statutorily void" under Ohio Revised Code "§3921, *et seq.* and §1751, *et seq.,*" Doc. 2 at ¶29 - also has been replaced with something new.  Plaintiff's proposed amendment alleges that "[b]y entering into a discounting arrangement with John Alden and/or ....John Alden's ...agent, Good Samaritan Hospital/TriHealth is limited under Ohio Revised Code §1751.60 to the amounts that John Alden has paid...."  Doc. 31 at ¶48.

Defendant urges this court to deny plaintiff permission to add any of the three new state claims -two of which would require the addition of Good Samaritan   Defendant contends that this court's exercise of supplemental jurisdiction over the new claims should not be permitted because: 1) plaintiff's two state law claims against Good Samaritan do not sufficiently relate to the pending ERISA claim; and 2) the state law claims raise novel or complex issues of state law that are better resolved in state court; and 3) no private right of action exists under one of the cited state statutes.

In his reply memorandum, plaintiff concedes the last point - that the referenced state statute does not create a private right of action.  However, plaintiff argues that the alleged "deceptive acts" can and should be considered in the context of his ERISA claim.  In other words, plaintiff argues that the allegations contained in Count 6 were merely intended as "elements for the Court to consider on the 29 U.S.C. §1132 [ERISA] claim" rather than as a freestanding state law claim. Doc. 45 at 5.

Based on plaintiff's concessions as well as the impropriety of supplemental jurisdiction over plaintiff's new claims against defendant Good Samaritan, I recommend denial of plaintiff's

motion to amend his complaint to add any of the three new state law claims.  As currently

worded, the use of a separate "count" that references a state statute (for which no private right of

action exists) is confusing at best.

Amendment to include two state law "counts" (7 and 8) against proposed new defendant

Good Samaritan also should be denied because the claims appear to be preempted under ERISA.

In keeping with the Supreme Court's recognition of the broad scope of ERISA preemption, the

Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an

employee benefit plan are preempted by ERISA."  *Cromwell v. Equicor-Equitable HCA Corp.*,

944 F.2d 1272, 1276 (6th Cir.1991).  In deciding whether state-law claims are preempted by

ERISA, the Sixth Circuit has focused on the remedy sought by plaintiffs.  *Marks v. Newcourt*

*Credit Group, Inc.*, 342 F.3d 444, 453 (6th Cir. 2003).  Here, all of plaintiff's allegations concern

the miscalculation of benefits relating to co-pays and deductibles under the Plan.

Plaintiff argues that the newly proposed claims against Good Samaritan are not

preempted under ERISA's "savings clause."[4]  To the extent that the new state law claims against

Good Samaritan would not be completely and wholly preempted, the exercise of supplemental

jurisdiction would be inappropriate.   The addition of Good Samaritan and new claims (which

again, appear preempted)  would significantly delay and unnecessarily complicate disposition of

the underlying benefits issue.  As plaintiff himself puts it: "The core issue before the Court is

whether Good Samaritan Hospital was in or out of network and whether John Alden complied

with ERISA in the documents and disclosure requirements under the statue [sic] and applicable

---

[4]  29 U.S.C § 1144(b)(2)(B) of ERISA, known as the savings clause, applies to state law claims if the law in question is specifically directed toward entities engaged in insurance and substantially affects the risk pooling arrangement between the insurer and the insured. *Kentucky Assoc. of Health Plans, Inc. v. Miller*, 538 U.S. 329, 334, 341- 42 (2003).

ERISA regulations on limitation of benefits."  Doc. 45 at 4-5.  Thus, any issues involving separate claims against Good Samaritan are either pre-empted or can be more easily addressed in state court.

### b. Plaintiff's New ERISA Claims

Six of the nine "counts" in plaintiff's proposed amended complaint ostensibly fall under ERISA.[5]  Defendant argues that plaintiff's motion to amend to include new "ERISA" claims also should be denied, because the claims as stated would not survive a motion to dismiss.

The new ERISA claims are enumerated- not quite sequentially- as Counts 1-5 and Count 9 in the amended complaint.  Count 1 asserts that the term "network provider" is not described in Summary Plan description.  (Doc. 31, Ex. 1 ¶¶ 18-20).  Count 2 alleges that defendant John Alden, acting in concert with Good Samaritan, made a misrepresentation of material fact that Good Samaritan was an "in-network" provider, upon which representation plaintiff justifiably relied to his detriment.  (*Id.* at ¶¶ 22-25).  Count 3 alleges that Plan documents were incomplete, inadequate, and failed to meet ERISA requirements for Summary Plan Descriptions under 29 U.S.C. §§1022(a) and 1022(a), and the regulations contained at 29 C.F.R. §§2560.503-1(h)(2)(iii) and 2520.102-3  (*Id.* at ¶¶ 27-32).  Count 4 asserts that defendant breached its fiduciary duty by failing to provide a method of Plan administration.  (*Id.* at ¶¶ 34-35).  Count 5 alleges that John Alden failed to give proper notification of its denial of benefits as required by ERISA regulations contained at 29 C.F.R. §2560.503-1(g).  (*Id.* at ¶¶ 37-38).  Count 9 asserts

---

[5]Although plaintiff himself characterizes the claims as falling under ERISA, three of the new ERISA claims (Counts 1, 2 and 4) cite no specific statutory or regulatory provision. Given the absence of citation, defendant may be forgiven for "misinterpreting" Count 2 under state law.  Plaintiff's reply memorandum clarifies that Count 2 was intended to state a claim under ERISA. Doc. 45 at 3-4.  However, although plaintiff also refers to Count 2 as a "misrepresentation promissory estoppel count," the allegations do not mention promissory estoppel.

that John Alden engaged in self-dealing thereby breaching its fiduciary duty in violation of ERISA, citing 29 U.S.C. §1106(b)(2).  (*Id.* at ¶¶ 51-52).

Plaintiff himself emphasizes that the essence of this case is a claim for benefits. ERISA Section 502(a)(1)(B) governs claims "to recover benefits due to him under the terms of his plan, or to clarify his rights to further benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Ironically, nowhere in the six "new" ERISA claims or "counts" does plaintiff cite the relevant provision of ERISA or make clear his claim for benefits. Thus, the defendant opposes amendment on grounds that plaintiff's stated purpose - to conform his complaint with the court's prior ruling -has not been met by the tendered amended complaint.  The court agrees that the six proposed ERISA "counts" fail to clearly state a claim for benefits under 29 U.S.C. §1132.

Defendant also vehemently objects to the inclusion of multiple new "counts" under ERISA that are arguably contradicted by the allegations of the original complaint and/or by documents attached to the tendered amended complaint.  For example, whereas plaintiff's original complaint alleged that John Alden informed plaintiff where and how to obtain network provider information, the proposed amendment now alleges that defendant is liable for failing to provide information concerning "in network" providers.  Similarly, the tendered amended complaint alleges that defendant did not provide means for plaintiff to appeal the denial of benefits, despite - according to defendant - being contrary to documentation attached to the complaint.[6]

---

[6]In general, Rule 11 of the Federal Rules of Civil Procedure requires claims to be based upon "existing law" or "a nonfrivolous argument for extending...existing law."  Likewise, the rule requires factual contentions to have "evidentiary support."

Last, defendant complains that the new "counts" under ERISA simply fail to meet the pleading requirements of Rule 8, because they do no more than allege "a sheer possibility that a defendant has acted unlawfully" *see Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Again this court agrees.  For example, Count 9 alleges that John Alden engaged in "self-dealing...prohibited by ERISA" by "entering into a discounting arrangement with" Good Samaritan Hospital. Because the allegation is so conclusory, it is no more than a "threadbare recital[] of the elements of a cause of action" that fails to state a plausible claim.  *Id.*  Plaintiff's explanation that his various "counts" might not be construed as separate claims but instead might be viewed as part of a general claim for benefits adds to the confusion, leaving this court unable to fully assess which other "counts" or claims would survive a motion to dismiss.

The court recognizes that some claim(s) *might* survive if more carefully amended, such as allegations relating to a breach of fiduciary duty contained in Counts 2 and 4.  Under ERISA, a fiduciary has an obligation to convey complete and accurate information to its beneficiaries. 29 U.S.C. § 1109; *see also James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 452 (6th Cir.2002);

*see also In re Huntington Bancshares Inc. Erisa Litigation,* 620 F.Supp.2d 842, 854 (S.D. Ohio 2009)(listing elements of claim). Additionally, the Sixth Circuit has recognized that "equitable estoppel may be a viable theory in ERISA cases." *See Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 440 (6th Cir. 2010); citing *Sprague v. Gen. Motors Corp*., 133 F.3d 388, 403-04, 403 n. 13 (6th Cir.1998) (en banc).

Notwithstanding the possibility that selective allegations in the tendered amended complaint might be construed or further amended to state a viable claim under ERISA, the

tendered amended complaint as a whole falls significantly short of Rule 8's relatively low threshold.  Plaintiff fails to clearly state the essence of his claim for benefits, and adds a confusing number of non-claim "counts" that suffer from a multitude of defects.

### 2.  "Necessity" of Amendment Under ERISA

Plaintiff argues that amendment is "required" in order to conform his pleading to this court's decision that he must proceed exclusively under ERISA, because his original complaint failed to cite ERISA.  However, as previously discussed, his proposed amended complaint does little to advance his "core" ERISA claim.

In any event, this court's prior opinion denying plaintiff's motion to remand to state court implied (though without explicitly stating) that plaintiff's original state law claims were subject to the doctrine of complete preemption under ERISA.  Under that doctrine, amendment under ERISA is unnecessary to assert a claim for benefits.  In cases involving "complete" preemption under ERISA, the original state law claims are simply "re-characterized" as a single claim for benefits under ERISA Section 502(a)(1)(B).  *See Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp.2d 792, 817-818 (S.D. Ohio 2003)(recognizing "prevailing practice" of amendment but holding that amendment of completely preempted claims is not technically required, because "as demonstrated by its complete preemption argument, [the defendant] is fully aware of the ERISA claim").  In short, plaintiff is mistaken in his belief that he "must" amend his complaint to clearly state an ERISA claim because that claim has already been re-characterized by this court. Amendment under such circumstances is discretionary, not mandatory.

A similar mandatory/discretionary distinction applies to plaintiff's desire to name the ERISA plan administrator, JALIC Group Trust, Health Insurance Plan, as a party defendant. Plaintiff contends that the addition of that defendant is mandatory, while defendant argues that it

is not.  In the Sixth Circuit, "the proper party defendant in an ERISA action concerning benefits

is the party that is shown to control administration of the plan."  *Little v. UNUM Provident*

*Corp.*, 196 F. Supp.2d 659, 670 (S.D. Ohio 2002)(citing *Daniel v. Eaton Corp.*, 839 F.2d 263,

266 (6th Cir. 1988).  Plan documents reflect that John Alden has discretion to administer claims,

and the defendant states that it does not intend to challenge its status as a proper defendant.  On

the other hand, John Alden cites no authority to suggest that amendment to add a second

allegedly responsible defendant under ERISA is precluded whenever one responsible defendant

is already before the court.  Thus, amending the complaint to add JALIC Group Trust as an

additional defendant appears to be permissive.

Because neither amendment to clarify plaintiff's claim for benefits under ERISA Section

502(a)(1)(B) nor amendment to add JALIC Group Trust is mandatory, and because plaintiff's

tendered amended complaint is deficient in many other respects, leave to amend should

be denied.

### 3.  Local Rule 7.3(b)

The defendant also contends that plaintiff failed to comply with LR 7.3(b), although

defendant concedes that counsel at least briefly discussed plaintiff's intention to amend.   The

court declines to deny plaintiff's motion on the basis of such a technical violation..

### 4.  Delay in Amendment

Cross-motions for summary judgment were originally due in this case on August 11,

2010.  Defendant complains that the delays occasioned by the proposed amendment to add nine

new claims and two new defendants would frustrate the pretrial schedule previously set by this

court.  In addition, defendant argues that the amendment is contrary to the policy goals of

ERISA, which was intended to provide a framework to resolve benefits disputes "inexpensively and expeditiously." *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990).

The court agrees that the goals of ERISA favor quick resolution of this relatively straight-forward case; therefore, no further motions to amend should be permitted. August 11, 2010 has now come and gone, requiring a brief extension of the prior summary judgment deadline.

**B. Defendant's Motion to Dismiss**

Out of an abundance of caution and due to some procedural irregularities in the record, defendant filed a motion to dismiss the amended complaint.[7]  In lieu of a direct response, plaintiff moved to strike defendant's motion to dismiss.  Because the amended complaint remains tendered and it is recommended that leave to amend be denied, the motion to dismiss should  be denied as moot.  There is no need to strike defendant's motion from the record.

## IV.  CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED**:

1.  That plaintiff's motion to amend (Doc. 31) should be **DENIED;**

2.  That defendant's motion to dismiss the amended complaint (Doc. 43) should be **DENIED AS MOOT**;

3.  That plaintiff's motion to strike defendant's motion to dismiss (Doc. 48) should be **DENIED.**


Date: <u>August 30, 2010 </u>                    <u>s/ J. Gregory Wehrman            </u>
                                                    J. Gregory Wehrman

---

[7]At one point, due to an administrative error, the court granted plaintiff's motion to amend. However, the court later granted defendant's motion for reconsideration and struck the amended complaint from the record, noting explicitly that plaintiff's motion for leave to amend "remains pending."  Doc. 44.

United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE PATRICK KELLY,                              Case No. 1:09-cv-910

       Plaintiff,                              Dlott, J.
                                                    Wehrman, M.J.

   vs.

JOHN ALDEN LIFE INSURANCE
COMPANY,

       Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).